IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBY MAY LADSON | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| CAROLYN W. COLVIN, Acting | : |
| Commissioner of Social Security | : NO. 12-2428 |

## ORDER-MEMORANDUM

**AND NOW**, this 17th day of January, 2014, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 9), Defendant's Response thereto, Plaintiff's reply, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 16), and Plaintiff's Objections thereto (Docket No. 17), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

4. The Decision of the Commissioner is **AFFIRMED**.

The ALJ in this case denied Plaintiff's request for disability insurance benefits and disabled widow's benefits, finding that Plaintiff had two severe impairments – left eye blindness and osteoarthritis – but that Plaintiff had the residual functional capacity ("RFC") to perform past, relevant, sedentary work. Judge Caracappa subsequently recommended that we deny Plaintiff's request for review, and Plaintiff now objects to Judge Caracappa's Report and Recommendation ("R&R"). We read the objections to be twofold. First, Plaintiff contends that Judge Caracappa erred in failing to recommend that the ALJ erred in failing to consider Plaintiff's atypical migraine and cervicalgia as severe impairments. Second, Plaintiff contends that the Judge Caracappa erred in failing to recommend that the ALJ's conclusion that Plaintiff had the residual functioning

capacity ("RFC") to perform sedentary work was not supported by substantial evidence. We review de novo those portions of the Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

With respect to Plaintiff's assertion that the ALJ erred in failing to consider her atypical migraine and cervicalgia as additional severe impairments at Step Two of the sequential analysis, we note that the only impairments that Plaintiff asserted on her original application for disability benefits were "stroke and brain tumor." (App. 152.) Subsequently, at the hearing before the ALJ, Plaintiff's counsel argued that Plaintiff had suffered a "cerebrovascular accident" on January 9, 2008, had a tumor adjacent to the coronary artery, and suffered from degeneration in her shoulder joint, as well as glaucoma. (App. 45-46.) Thus, Plaintiff did not argue to the ALJ that atypical migraine and cervicalgia were additional severe impairments that limited her ability to work. See, e.g., Snedeker v. Comm'r of Soc. Sec., 244 F. App'x 470, 475 & n.3 (3d Cir. 2007) (stating that ALJ did not err in failing to consider condition as separate impairment when, inter alia, claimant did not separately list the ailment as a condition that limited his ability to work on his disability report).

Moreover, any failure to consider atypical migraine and cervicalgia as severe impairments was harmless in light of the ALJ's determination that Plaintiff suffered from other severe impairments. As the United States Court of Appeals for the Third Circuit has made clear, the Step Two inquiry functions as a "*de minimis* screening device to dispose of groundless claims." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (quotation omitted). As long as a plaintiff establishes that she has a severe impairment, the *de minimis* screening is completed, and the ALJ proceeds to consider whether the plaintiff is disabled because her severe impairment meets or equals a listed impairment or because his RFC renders her disabled. Here, because the

ALJ found that Plaintiff had two severe impairments, he properly moved on to Steps Three and Four in the sequential analysis. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [plaintiff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless." (citation omitted)). In addition, in assessing Plaintiff's RFC, the ALJ considered all of Plaintiff's documented symptoms, not only those that were associated with her two severe impairments. We therefore overrule Plaintiff's objections to the R&R insofar as she contends that Judge Caracappa erred in failing to recommend that the case be remanded based on error at Step Two.

Plaintiff also asserts that Judge Caracappa erred by failing to recommend that there was no substantial evidence to support the ALJ's conclusion that Plaintiff had the RFC to engage in sedentary work. According to Plaintiff, the ALJ's RFC analysis was fatally flawed because he failed to adequately consider and address all of the evidence of stroke-like symptoms arising from Plaintiff's atypical migraine. See 20 C.F.R. § 404.1545(a)(2) (requiring an ALJ, in assessing RFC, to consider "all of [the plaintiff's] medically determinable impairments . . . including . . . medically determinable impairments that are not 'severe'"). Plaintiff specifically contends that the ALJ either ignored or erroneously discounted Plaintiff's own testimony that she has pain if she sits too long, frequently falls, has difficulty standing and walking, and cannot grasp objects in her left hand, as well as evidence in the medical records that she walks with a limp, uses a wide based quad cane, has left grip weakness, has decreased sensation on the left side, and has speech problems.

We may not, however, "re-weigh the evidence or substitute our own judgment for that of the ALJ," and we must "uphold the Commissioner's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is

3

satisfied." Bryan v. Comm'r of Soc. Sec., 383 F. App'x 140, 145 (3d Cir. 2010) (citations omitted). While Plaintiff contends that the ALJ erred in failing to credit Plaintiff's testimony that she has pain if she sits too long, frequently falls, has difficulty standing and walking, and cannot grasp objects in her left hand, the ALJ correctly observed that this testimony was inconsistent with the objective medical evidence in the record that Plaintiff can climb stairs, walk 2-3 blocks (albeit with a cane), and stand for sixty minutes, and that she has left hand grip strength up to 20 pounds. (App. 32-33, 186, 264; see also App. 440.) In addition, the ALJ properly noted that there is no objective medical support for Plaintiff's assertions of debilitating speech problems, emphasizing that the records reflect that Plaintiff could speak in full sentences, and noting a report stating that Plaintiff had only "some possibly mild dysphagia." (App. 30-32, 405, 574.) Under these circumstances, the ALJ adequately articulated her rejection of the evidence on which Plaintiff relies regarding additional physical limitations, and pointed to substantial evidence to support her determination that Plaintiff has the RFC to engage in sedentary work.

Plaintiff also contends that the ALJ overlooked evidence at Step Four that Plaintiff was prescribed Paxil, which Plaintiff contends was for panic attacks, and she argues that Judge Caracappa erred in concluding that this error was harmless. However, while the record reflects that Plaintiff was prescribed Paxil (App. 512), there is no medical evidence to support Plaintiff's contention that the drug was prescribed to treat panic attacks and, moreover, the record contains no psychological or psychiatric treatment records for any panic disorder. Accordingly, the ALJ's failure to acknowledge the Paxil prescription was harmless and does not warrant a remand for reconsideration of Plaintiff's RFC.

4

For the above reasons, we overrule Plaintiff's objections to Judge Caracappa's report and recommendations concerning Steps Two and Four of the ALJ's analysis, and approve and adopt the R&R. We will enter judgment in Defendant's favor in a separate order filed contemporaneously with this one.

BY THE COURT:

_____
John R. Padova, J.